### IN THE UNITED STATES DISTRICT COURT FOR THE
### DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 1:11-cv-283-PB |
| | ) | |
| v. | ) | Judge Paul J. Barbadoro |
| | ) | |
| DAVID J. FILIP, | ) | |
| MDF PROPERTIES, LLC, | ) | |
| DYCK-O'NEAL, INC., | ) | |
| SOUTHERN NEW HAMPSHIRE BANK | ) | |
| AND TRUST COMPANY, NOW KNOWN | ) | |
| AS BANK OF NEW ENGLAND, and | ) | |
| NEW HAMPSHIRE DEPARTMENT | ) | |
| OF REVENUE ADMINISTRATION, | ) | |
| | ) | |
| Defendants. | ) | |

**AGREED PARTIAL JUDGMENT**
**(AS TO PRIORITY OF DEFENDANT SOUTHERN NEW HAMPSHIRE BANK AND TRUST COMPANY, NOW KNOWN AS BANK OF NEW ENGLAND)**

The Court has determined that partial judgment should be entered consistent with the agreement between plaintiff United States of America and defendants MDF Properties, LLC, and Southern New Hampshire Bank and Trust Company, now known as Bank of New England ("BNE"), which resolves the priorities of the claims of BNE in connection with the the federal tax liens that the United States of America asserts against the property of MDF Properties, LLC, predicated on the unpaid tax liabilities of David J. Filip and therefore the distribution of proceeds of any judicial sale of two parcels of real property located at 162 Laurel Street, Manchester, New Hampshire  03103 (the "Laurel Property"), and 501 Elm Street, Manchester, New Hampshire 03101 (the "Elm Property"), which properties are legally described below.

The Laurel Property is legally described as:

      A certain tract or parcel of land with the buildings thereon, situated in Manchester, County of Hillsborough and State of New Hampshire, bounded and described as follows;

      Beginning at the intersection of the Northerly line of Laurel Street with the Easterly line of Beech Street; Thence, Easterly by said Laurel Street, sixty (60) feet to Lot No. 1387, as shown on the Amoskeag Manufacturing Company's Plan of Lands in Manchester; Thence, Northerly by said Lot No. 1387, ninety (90) feet to a passageway twenty feet wide, as shown on said plan; Thence Westerly by said passageway sixty (60) feet to said Beech Street; Thence, Southerly by said Beech Street, ninety (90) feet to the point of beginning.

      Being known as Lot No. 1376, as show on said Company's Plan, and containing 5400 square feet.

      Meaning and intending to describe and convey the same premises conveyed to David J. Filip by Warranty Deed of Pearl I. Page dated March 19, 1981 and recorded in the Hillsborough County Registry of Deeds at Book 2829, Page 643, record title to which was transferred by David J. Filip to MDF Properties, LLC, by warranty deed recorded with the Hillsborough County, New Hampshire, Registry of Deeds, at Book 7676, Pages 1151-1152.

The Elm Property is legally described as:

      A certain tract or parcel of land with the buildings thereon erected, situate[d], lying and being in the City of Manchester, County of Hillsborough, State of New Hampshire, being known as lots numbered 895, 894, and eighteen and five hundred sixty-five thousandths (18.565) feet on lot number 893, [as] shown on the Amoskeag Manufacturing Company's plan of lands in said Manchester and being more particularly bounded and described as follows;

      Westerly on Elm Street, there measuring 78.7 feet;
      Southerly on Auburn Street, there measuring 100.12 feet;
      Easterly on a 20-foot passageway, there measuring [78.7] feet;
      Northerly on land now or formerly of Maynard, Campbell and Hobbs, to the point of beginning.

      Containing approximately 7,850 square feet of land.

      Meaning and intending to describe and convey the same premises conveyed to Leo St. Jean and David J. Filip, as surviving joint tenant by Warranty Deed of 501 Elm Street Realty, dated March 4, 1992 and recorded in the Hillsborough County Registry of Deeds at Book 5321, Page 1857, record title to which was transferred by David J. Filip to

MDF Properties, LLC, by warranty deed recorded with the Hillsborough County, New Hampshire, Registry of Deeds, at Book 7676, Pages 1149-1150.

Accordingly, ITS IS ORDERED THAT PARTIAL JUDGMENT IS HEREBY ENTERED, determining that:

(a) defendant BNE holds a valid note in the original amount of $335,000.00 and mortgages on the Laurel Property and the Elm Property, which mortgages were recorded at the Hillsborough County, New Hampshire, Registry of Deeds on March 6, 2007, at Book 7816, Pages 1709-1722, and which mortgages are superior to the asserted tax liens of the United States of America for the following federal tax liabilities of defendant David J. Filip:

(1) federal income tax liabilities for taxable years 1998, 1999, 2000, 2001, 2002, 2003, 2004, and 2005;

(2) civil trust fund recovery penalties, 26 U.S.C. § 6672, for tax periods ending June, 30, 2003, September 30, 2003, December 31, 2003, March 31, 2004, June 30, 2004, September 30, 2004, December 31, 2004, June 30, 2005, and September 30, 2005;

(3) federal employment tax liabilities (Form 941) for tax periods ending December 31, 2005, December 31, 2006, March 31, 2007, June 30, 2007, September 30, 2007, December 31, 2007, March 31, 2008, June 30, 2008, September 30, 2008, and December 31, 2008; and,

(4) federal employment tax liabilities (Form 940) for tax periods ending December 31, 2007;

(b) this judgment does not determine whether the United States holds any right, title, claim, lien, or other interest in, to, or against any property of MDF Properties, LLC;

(c)  there is a balance due to defendant BNE, under and according to the terms of such note, in the amount of $304,202.78, as of September 1, 2011, plus such additional amounts that accrue after that date and which are allowable under said note and mortgages and 26 U.S.C. § 6323(e);

(d)  defendant BNE's Counterclaim for Declaratory Relief against the United States (Docket Entry No. 18, pp. 8-11) is resolved by this Judgment and, as such, is dismissed;

(e)  defendant BNE has no other interest in the above-captioned lawsuit and therefore is excused from having to participate in further matters associated with this case from now through the possibility of trial, subject to responding to any motion relating to the conduct of a sale of the Laurel Property or the Elm Property;

(f)  the parties shall each bear their own costs with respect to the claims and issue resolved by this Judgment, including the parties' attorney fees; and,

(g)  The entry of judgment with respect to the claims resolved by this order shall be delayed until all claims for relief are resolved and final judgment is warranted as is required by Fed. R. Civ. P. 54(b).

**IT IS SO ORDERED, ADJUDGED, and DECREED.**

Dated: October 6, 2011

/s/ Paul Barbadoro
Paul J. Barbadoro
United States District Judge

cc:   Counsel of Record