IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| UNITED STATES OF AMERICA,              )<br>                                                           )<br>             Plaintiff,                           )<br>                                                           )<br>       v.                                              )<br>                                                           )<br>DAVID J. FILIP,                                 )<br>MDF PROPERTIES, LLC,               )<br>DYCK-O'NEAL, INC.,                      )<br>SOUTHERN NEW HAMPSHIRE BANK  )<br>AND TRUST COMPANY, NOW KNOWN )<br>AS BANK OF NEW ENGLAND, and   )<br>NEW HAMPSHIRE DEPARTMENT    )<br>OF REVENUE ADMINISTRATION,    )<br>                                                           )<br>             Defendants.                      ) | Civil No. 1:11-cv-00283-PB<br><br>Judge Paul J. Barbadoro |

**FINAL JUDGMENT PURSUANT TO FED. R. CIV. P. 54(b)**

Plaintiff United States of America's Motion for Partial Summary Judgment and Fed. R. Civ. P. 54(b) Determination (Docket Entry No. 51) is hereby **GRANTED**.

It is hereby **ORDERED, ADJUDGED, AND DECREED** that:

A. Defendant MDF Properties, LLC, holds record title to the "Laurel Property" and the "Elm Property," as legally described in the Court's Agreed Partial Judgment (see Docket Entry No. 35), subject to certain federal tax liens that arose before defendant David Filip transferred record title to the properties to MDF on May 11, 2006–i.e., the tax liens associated with Mr. Filip's income tax liabilities for 1998, 1999, 2000, 2001, 2002, and 2003, which were previously adjudicated and determined by the Court (see Docket Entry No. 40);

B. The federal tax liens associated with Mr. Filip's federal income tax liabilities for 1998, 1999, 2000, 2001, 2002, and 2003 shall be enforced against the Laurel

<blockquote>

Property and the Elm Property with separate judicial sales of those properties free and clear of all rights, title, claims, liens, and interests of the parties to this action, with no right of redemption;

C. The proceeds of each sale shall be distributed in accordance with the following priorities: *first*, for the expenses of the sales, including any expenses incurred and paid to secure or maintain the Laurel Property and the Elm Property; *second*, to the City of Manchester, in accordance with 26 U.S.C. § 6323(b)(6), for any reasonable and valid real property tax or other municipal assessments against the Laurel Property and the Elm Property that may be outstanding, unpaid, and owing to the City of Manchester at the time of such sales; *third*, to Southern New Hampshire Bank and Trust Company, now known as Bank of New England, in the amount of $284,810.89 as of June 26, 2013, plus any additional amounts accrued after that date which are allowable under 26 U.S.C. § 6323(e); *fourth*, to the United States for the federal income tax debts of David Filip for taxable years 1998, 1999, 2000, 2001, 2002, and 2003; and *fifth*, the remaining sale proceeds, if any, to be distributed pursuant to further order of the Court;

D. There is no just reason for delay and this is a final judgment for purposes of immediate appeal of the issues decided herein because: (1) the United States has an interest in the prompt collection of the tax debts of David Filip; (2) the Court has fully adjudicated the United States' *in personam* claim against David Filip for his federal tax liabilities (Docket Entry No. 40) and the United States' *in rem* claim as to the federal tax liens associated with David Filip's income tax liabilities for 1998, 1999, 2000, 2001, 2002, and 2003; (3) the future resolution of

</blockquote>

>   the United States' remaining *in rem* claims for lien enforcement will be moot if the proceeds of the sale of those properties are insufficient to satisfy the pre-transfer liens described in this motion; and, (4) in any event, the future resolution of the United States' remaining *in rem* claims for lien enforcement, if necessary, will not affect the Court's decisions concerning David Filip's liability and the judicial sales of the subject properties; and,
>
> E.   The United States' nominee and fraudulent transfer claims shall be temporarily stayed pending the completion of: (1) the sales and distributions, described above; and, (2) a joint submission, within 28 days of the completion of the judicial sales and distributions, by the United States and MDF Properties, LLC, of a status report on whether further proceedings are necessary and, if they are, a proposed scheduling order.

The Court hereby incorporates into this Final Judgment its prior Agreed Partial Judgment (as to Priority of Defendant Southern New Hampshire Bank and Trust Company, now known as Bank of New England) (Docket Entry No. 35) and its prior Entry of Judgment Against Defendant David Filip (Docket Entry No. 40).

**SO ORDERED, ADJUDGED, AND DECREED.**

Dated: August 13, 2013          /s/ Paul Barbadoro
                                Honorable Paul J. Barbadoro
                                United States District Court Judge


cc:   Counsel of Record